```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA        *

      vs.                       *   CRIMINAL NO. MJG-16-0091

ANDREW BENNETT                  *

*   *   *   *   *   *   *   *   *

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendant Andrew Bennett's Motion for Modification of Sentence and Amendment of Judgment [ECF No. 26] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

By the instant Motion, Defendant Bennett seeks to have the Court:

(a) Modify and correct his sentence pursuant to rule 35(a) to accord with the actual figures on loss amounts respective to the calculations at sentencing that were intended to avoid disparate sentences pursuant to 18 U.S.C. 3553(a)(6) and impose a sentence not greater than necessary to achieve the goals of sentencing including deterrence;

(b) Amend the judgment to include a designation recommendation to the BOP for placement at the federal prison camp in Pensacola, Florida and the RRC program at a location close to Tampa, FL; and to

(c) Amend the judgment to extend the date for self-surrender to November 1, 2017.

[ECF No. 27] at 10.

Specifically, Defendant Baker seeks to have his sentenced reduced from 30 months to 4 months of incarceration with a 30-

month supervised release term that would include a period of home confinement.

The instant Motion is timely brought under Rule 35(a) of the Federal Rules of Civil Procedure, which provides:

> Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Defendant Bennett does not precisely identify the "arithmetical" "clear error" from which his sentence allegedly resulted.  In this Rule 35(a) Motion, Defendant Bennett contends that the sentence was imposed in a proceeding in which there was a serious "arithmetical clear error" regarding the determination of the loss amount to be used for Guidelines purposes.  At sentencing, Defendant Bennett's counsel sought to have the Court have the sentence turn upon a comparison of the restitution order against Defendant Bennett and by the two co-defendants, Defendants Wilkerson ($9,441,340.00 - 60 months incarceration) and Defendant Shank ($1,000,000.00 - no incarceration with 3 months of home detention).  In his Motion, Defendant Bennett contends that the Court erroneously associated a $1,000,000.00 loss or restitution figure with Defendant Wilkerson, rather than with Defendant Shank, and that this correlation affected the calculation of Defendant Bennett's 30 month sentence, which is half of Defendant Wilkerson's sentence.  The Court does not recall making such an attribution to Defendant Wilkerson, but even if it did, the Court

did not primarily base Bennett's 30 month sentence on a comparison of the restitution figures associated with each Defendant. Instead, the Court considered, among other things, that Defendant Bennett fell somewhere in between the other two defendants in terms of his role in the conspiracy and in the amount of personal gain he received.

In regard to loss causation, there is no doubt that Defendant Bennett's actions in fact caused a substantial loss, in excess of 9 million dollars. While the manner in which Defendant Bennett committed the offense made it impossible to determine the loss precisely, there is no doubt that Defendant Bennett received a $500,000.00 payment from Defendant Wilkerson in compensation for his essential, skillful efforts that made the conspiracy successful. Bennett's personal conduct enabled Advanced C4 Solutions ("AC4S") to obtain the Government contract and his actions while at Superior Communications Solutions, Inc. ("SCSI") dealing with the financial aspects of the scheme made it possible for the gross overbilling to succeed. The Court has no reason to doubt that the loss Defendant Bennett caused the Government and gain resulting to Defendant Wilkerson, was a multiple, certainly much greater than two, of the half million dollars that Defendant Wilkerson actually paid Defendant Bennett for his conspiratorial services.

Because Defendant Wilkerson gained far more from the crime than Defendant Bennett, it is appropriate to sentence Defendant Bennett to a shorter period of incarceration than the 60 months imposed upon Wilkerson. A final determination that Bennett should serve one-half of the time imposed on Defendant Wilkerson was reasonable under the circumstances of the case. Compared to Defendant Shank, Defendant Bennett's role in the offense was substantially greater, and he personally gained more money than Shank as a result of the conspiracy.[1]

The Court has also discovered that at sentencing the parties agreed to have the pertinent Offense Level determined as 26.[2] This was two Levels higher than the agreed Level stipulated in the plea agreement.[3] This could be viewed as an "error" but not, realistically, an "arithmetical" one. With Offense Level 26 and Criminal History category I, the Guidelines sentencing range was 63 to 78 months, higher than the range of 51 to 63 months that would have resulted from the stipulated Offense Level of 24. At

---

[1] Bennett received at least $500,000.00 to Shank's approximately $86,000.00. See Shank Plea Agreement [ECF 26-2] at 17, ¶ 38.

[2] At sentencing, the Court stated that the Probation Officer had recommended Offense Level 26, and neither defense counsel or Government counsel stated any problem with using that determination.

[3] The parties stipulated to an Offense Level of 24 in the plea agreement, but an additional two Level increase under U.S.S.G. § 3B1.3 (Use of Special Skill) was in dispute. See Plea Agreement [ECF No. 12] at 5. Defendant reserved the right to argue that § 3B1.3 did not apply, but this argument was never made at sentencing.

sentencing, the Court varied from the Guidelines sentencing range altogether and imposed a 30-month sentence, greatly below the bottom of the range determinable for either Offense Level 24 or 26. Moreover, the sentencing hearing discussion, and sentencing reasons stated by the Court, did not focus on, or turn upon, Defendant Bennett's Offense Level or the Guidelines range.

The Court finds that had it determined the Guidelines sentencing range to have been 51 to 63 months, rather than 63 to 78 months, the sentence would have been no different. Defendant Bennett gained substantially from his criminal conduct that caused a very substantial loss to the Government. Although the Court recognizes Defendant Bennett's claimed family difficulties to be genuine, it does not find these to eliminate the need for a 30-month period of incarceration. The Court found it fair and appropriate on June 27 at sentencing, and today again finds it fair and appropriate, to sentence Defendant Bennett to a period of incarceration of 30 months, one-half of that imposed on Defendant Wilkerson in light of Defendant Bennett's role in the offense and the personal benefit which he obtained in compensation for his criminal activity.

For the foregoing reasons, the Court does not find that the error made in the Guidelines determination, even if it were held to be a clear arithmetical error that would justify the

applicability of Rule 35(a), to be an error that resulted in the sentence being more than it would have been without the error.

Finally, the Court notes that, in the Government's briefing there was discussion of whether the instant motion should be treated as one made pursuant to 28 U.S.C. § 2255 asserting that Defendant Bennett was denied his constitutional right to the effective assistance of counsel at sentencing. Gov't Opp. [ECF No. 27] at 5-8. The Court does not find that Defendant Bennett's Motion was intended to, nor did it amount to, a § 2255 motion. Even if treated as a § 2255 motion, it did not present adequate grounds for relief for denial of adequate assistance of counsel. To prevail on that ground, Defendant Bennett must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[4] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]." Id. at 694. As noted herein, the Court's use of Offense Level 24 would not have changed the sentence imposed.

Defendant Bennett's requests for specification of a recommended location of the place of incarceration and referral

---

[4] Thus overcoming a presumption that counsel's conduct (i. e. representation of the criminal defendant) was reasonable. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

of the date for self-surrender to November are not opposed by the Government, are not unreasonable and shall be granted.

Accordingly:

1. Defendant Bennett's Motion For Modification Of Sentence and Amendment Of Judgment [ECF No. 26] is GRANTED IN PART.

2. The term of incarceration remains as 30 months.

3. An Amended Judgment shall issue that includes a recommendation of assignment to the federal prison camp in Pensacola, Florida, and the RRC program at a location close to Tampa, Florida, and

4. The self-surrender date for Defendant Bennett is hereby extended to November 1, 2017.

SO ORDERED, this Tuesday, August 22, 2017.

/s/
Marvin J. Garbis
United States District Judge